**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-01968-PAB-CBS

SAMUEL BEECHER,

    Plaintiff,

v.

TOWN OF GREELEY, OFFICER BRIAN COBB, individually and
OFFICER RYAN TEMPLEMAN, individually,

    Defendants.

---

**PROTECTIVE ORDER**

---

The Court having reviewed the Defendants' Motion for Protective Order and being otherwise fully advised in the premises, hereby FINDS AND ORDERS as follows:

1.    All Internal Investigation files and Personnel Records are files of the City of Greeley and are confidential and/or privileged, including but not limited to Internal Affairs investigation file IA 2007-11.

2.    The parties may seek confidential and/or privileged records through discovery, whether formal or informal, or via Court Order where required.

3.    The Order of the District Court of the 19th Judicial District sealing Plaintiff's criminal records in relation to the arrest that is the subject of this litigation does not prohibit the use of those records in this proceeding if they are found to be relevant by this Court. The parties may request and/or utilize the criminal records of the Plaintiff which are contained in IA 2007-11 in this litigation subject to the terms of this Protective Order.

4.    Any confidential and/or privileged material that is disclosed via discovery or

court order in this matter will not be disseminated beyond the attorneys, parties, members of the attorneys' staff, and expert witnesses in the absence of a stipulation among the parties or Order of this Court. The attorneys for all parties shall advise their staff, clients and expert witnesses of the terms of this Protective Order.

5. If any pleading in this matter contains information derived from such confidential and/or privileged documents, or if such confidential and/or privileged documents are appended to any pleading in this matter, the pleading shall be delivered to the Clerk of the United States District Court under seal pursuant to D.C.Colo.L.Civ.R. 7.2 and 7.3 and will not be available for public inspection unless released by Order of the Court. Envelopes used to seal such documents shall contain the notation "Confidential and/or Privileged. This document is subject to Protective Order and may not be examined or copied except in compliance with such Order."

6. Upon termination of this litigation, all copies of confidential and/or privileged documents covered by this Protective Order shall be returned promptly to Counsel for the City.

7. All working papers or other documents in the possession, custody or control of counsel relating to the information derived from confidential and/or privileged documents shall be promptly destroyed or sealed and kept confidential by each party's counsel at the conclusion of this litigation.

8. Nothing contained in this Protective Order shall be deemed to imply that any of the documents produced are discoverable or relevant to the issues involved in this case, nor that they are not subject to some other objection or privilege.

9. To the extent that these materials are the subject of a deposition in this case, any documents made an exhibit and the portion of the deposition in which the matter is discussed shall be sealed and shall carry the notation "Confidential and/or Privileged. This document is

subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with such Order."

10. Dissemination of confidential and/or privileged internal affairs and personnel records is limited by the terms of this Protective Order.

11. A party may object to the designation of a particular document as "confidential and/or privileged" information by giving written notice to the party designating the disputed information. The written notice shall identify the information or document to which the objection is made. If the parties cannot resolve the objection within (10) business days after the time the notice is received, it shall be the obligation of the party designating the information or document as confidential and/or privileged to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential and/or privileged under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and/or privileged and shall not thereafter be treated as in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential and/or privileged shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential and/or privileged.

12. Any personal identifying information relating to the Defendant Officers which is contained in any confidential and/or privileged document (including but not limited to addresses, telephone numbers, etc.) shall be redacted by the Defendants prior to release of the document to the Plaintiff.

13. This Order shall remain in effect until further notice from the Court.

14. This Protective Order does not govern the admissibility at trial of the documents produced under this protective order, nor is it intended as a substitute for objections to information at trial. The parties will raise the issue of admissibility of these documents in pretrial discussions.

DATED at Denver, Colorado, this 18th day of May, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

STIPULATED AND AGREED:

For the Plaintiff Samuel Beecher:
TRIMBLE, NULAN & EVANS, P.C.

*s/    Scott Evans (signature on file)*
Scott Evans

For Defendants City of Greeley, Officer Ryan Templeman in his official and individual capacities, and Officer Brian Cobb in his Official and individual capacities:

For Defendant Officer Ryan Templeman in his individual capacity:

OFFICE OF THE CITY ATTORNEY
CITY OF GREELEY

BRUNO, COLIN, JEWELL & LOWE, P.C.

*s/    Stacey Aurzada (signature on file)*
Stacey Aurzada

*s/    Douglas Jewell  (signature on file)*
Douglas Jewell

***Original signatures are on file at the City Attorney's office.***